

# ARKANSAS COURT OF APPEALS

DIVISION I
No. CV–14–265

| | |
|---|---|
| DLC PROPERTIES, LLC d/b/a TWIN LAKES PLAZA, LLC<br><br>APPELLANT<br><br>V.<br><br>CARMIKE CINEMAS, INC. and EASTWYNN THEATRES, INC.<br>APPELLEES | **Opinion Delivered** March 4, 2015<br><br>APPEAL FROM THE BAXTER COUNTY CIRCUIT COURT [NO. CV–2010–55–4]<br><br>HONORABLE GORDON WEBB, JUDGE<br><br>REVERSED AND REMANDED ON DIRECT APPEAL; CROSS-APPEAL DISMISSED |

### DAVID M. GLOVER, Judge

This appeal returns to the court following our order for rebriefing. *DLC Props., LLC v. Carmike Cinemas, Inc.*, 2014 Ark. App. 684. With the deficiency that necessitated rebriefing cured, we now reach the merits of this appeal.

This lawsuit arose out of a lease agreement that bound DLC Properties, LLC, d/b/a Twin Lakes Plaza, LLC (DLC) and Carmike Cinemas, Inc., and Eastwynn Theatres, Inc. (Carmike). On appeal, DLC argues that the trial court erred by denying its motion for directed verdict on the claims of unlawful conversion and tortious interference with business expectancy. DLC also contends that the trial court erred by denying its motion for new trial because (1) the verdict violated the doctrine of election of remedies, (2) there was insufficient evidence to support a finding of damages on the conversion claim, and (3) there was insufficient evidence to support a finding of damages for the unlawful detainer and entry

claim. Carmike cross-appeals the trial court's order denying its motion for attorneys' fees. Because we find that the trial court erred in refusing to grant DLC's motion for directed verdict on conversion, we grant the relief requested by DLC. We reverse and remand this matter for a new trial and dismiss Carmike's cross-appeal.

## I. *Facts*

On July 25, 2008, DLC purchased a shopping mall located in Mountain Home, Arkansas. The mall housed a movie theater that was leased and occupied by Carmike. Carmike's original lease began on August 18, 1977. The lease was for a term of twenty years and included two five-year options to renew. Under these terms, Carmike's lease would have expired in 2008. However, Carmike and the former owner of the mall executed an amendment to the lease in 1994. The 1994 amendment gave Carmike an additional five-year extension on the lease—until December 31, 2013. At the time of the purchase, DLC's owners did not have actual knowledge of the 1994 amendment, and they erroneously believed that Carmike was leasing the theater on a month-to-month basis.

DLC purchased the mall with the understanding that improvements to the premises were necessary. In September 2008, DLC began negotiations with Carmike regarding new lease terms and a remodel of the premises; these negotiations lasted for several months. It was not until the negotiations broke down that DLC learned of the 1994 amendment to Carmike's lease. Additionally, the negotiations revealed that Carmike was not paying the amount of rent required by the 1994 amendment.

On March 1, 2010, DLC locked Carmike out of the movie theater. The lock out



lasted two-and-one-half days, and on March 3, 2010, Carmike filed the lawsuit that was the source of the present appeal.

Based upon these facts, Carmike sued DLC under the theories of forcible entry and detainer, tortious interference with business expectancy, conversion of personal property, and breach of contract. Carmike also sought punitive damages. DLC counterclaimed for unlawful detainer and breach of contract.

The case proceeded to jury trial on December 3–6, 2012. At the close of the evidence, DLC moved for a directed verdict on the claims of tortious interference with business expectancy and conversion. The trial court denied the motion, and the case was submitted to the jury. The jury awarded Carmike $3000 for conversion, $5000 for forcible entry, and $40,000 in punitive damages. The jury also found for Carmike on its claims for breach of contract and tortious interference but declined to award damages for either claim. Additionally, the jury found for DLC on its breach-of-contract claim and agreed that Carmike was not paying the proper amount of rent but further concluded that DLC waived its right to the proper payments. The trial court entered a judgment memorializing the jury's verdict, and DLC filed a timely notice of appeal of the judgment.

Following the entry of the judgment, Carmike petitioned the trial court for attorneys' fees and costs pursuant to Arkansas Code Annotated section 16-22-308 (Repl. 1999). The trial court denied the motion, finding that neither party prevailed on the portion of this lawsuit that involved contract issues. Carmike cross-appeals the order denying its petition for attorneys' fees.



## II.  *DLC's Direct Appeal*

DLC moved for a directed verdict on Carmike's conversion and tortious-interference claims.  The trial court denied these motions, and the jury found in favor of Carmike on both claims.  It awarded $3000 for conversion and $0 for tortious interference.  DLC contends that the trial judge's denial of these motions was reversible error.

The standard of review of the denial of a motion for directed verdict is whether the jury's verdict is supported by substantial evidence.  *Med. Assurance Co., Inc. v. Castro*, 2009 Ark. 93, at 3, 302 S.W.3d 592, 595 (quoting *ConAgra Foods, Inc. v. Draper*, 372 Ark. 361, 276 S.W.3d 244 (2008)).  Substantial evidence is that which goes beyond suspicion or conjecture and is sufficient to compel a conclusion one way or the other.  *Id*.  In determining whether there is substantial evidence, the court views the evidence and all reasonable inferences arising therefrom in the light most favorable to the party on whose behalf judgment was entered.  *Id*.

In support of its conversion claim, Carmike only introduced evidence of gross revenue to prove damages. Gross revenue alone is not substantial evidence of lost profits.  *Cinnamon Valley Resort v. EMAC Enterprises, Inc.*, 89 Ark. App. 236, 202 S.W.3d 1 (2005).  A party need not show the exact amount of damages sustained. However, in proving anticipated profits, a party must present a reasonably complete set of figures and not leave the jury to speculate as to whether there could have been any profits.  *Jim Halsey Co., Inc. v. Bonar*, 284 Ark. 461, 683 S.W.2d 898 (1985).  Here, the only evidence presented to the jury regarding conversion was Carmike's gross revenue.  Our case law is clear that this is insufficient



evidence to support the jury's verdict for conversion. Therefore, we find that the trial court improperly denied the motion for directed verdict on Carmike's conversion claim.

As a related matter, we must discuss the jury's award of $40,000 in punitive damages to Carmike. In law cases, two issues may be so interwoven that an error with respect to one requires a retrial of the whole case. *Life & Cas. Ins. Co. of Tenn. v. Padgett*, 241 Ark. 353, 407 S.W.2d 728 (1966). This case presents this situation. The jury's verdict is unclear as to which tort claim or claims caused the jury to assess punitive damages. It is hardly possible that the jury did not take each cause of action into account when assessing punitive damages. The only way in which we can with certainty protect the appellants from the possibility of prejudice is to grant a new trial upon all issues. *Id.*

Because we grant a new trial on all issues, we need not reach the merits of whether the trial court improperly denied DLC's motion for directed verdict on the tortious interference claim nor do we address the propriety of the trial court's denial of DLC's motion for new trial.

### III. *Carmike's Cross-Appeal*

Carmike cross-appealed the trial court's finding that neither party prevailed on the breach-of-contract issues in this lawsuit and its subsequent refusal to award attorneys' fees arising out of the contract claims. Because we reverse and remand this case for a new trial, we cannot reach the merits of this issue at this time, and we, therefore, dismiss Carmike's cross-appeal.



IV. *Conclusion*

For the foregoing reasons, we grant the relief requested by DLC and reverse and remand for a new trial on direct appeal. Additionally, we dismiss Carmike's cross-appeal.

Reversed and remanded on direct appeal; cross-appeal dismissed.

VIRDEN and GRUBER, JJ., agree.

*Grayson & Grayson, P.A.*, by: *Keith L. Grayson* and *Melanie L. Grayson*, for appellant.

*Trammell Law Firm*, by: *William D. Shelton, Jr.*, and *Robert D. Trammell*, for appellees.